UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MARK MANZELLA, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 4:07-CV-1528-CEJ |
| | ) |
| DAVE DORMIRE, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM

This matter is before the Court on the petition of Mark A. Manzella for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The respondent has filed a response in opposition.

## Background

A jury in the St. Louis County Circuit Court found petitioner guilty of first degree murder and armed criminal action. He was sentenced to consecutive terms of imprisonment of life without possibility of parole and twenty-five years.

Petitioner, his then-wife Tammy Manzella, and Kevin and Brenda Clark were friends and coworkers at Hussman Refrigerator Co. Resp. Ex. H at 2. In April of 1998 or 1999, Kevin Clark and Tammy Manzella began an affair. Id. During November 2000, the Manzellas separated and petitioner communicated to Brenda Clark that he believed Kevin Clark and Tammy Manzella were having an affair. Id. The following month, Kevin Clark admitted to petitioner over the phone that he was having an affair with Tammy. Id.

Following the separation, petitioner left several phone messages on Tammy's phone, including messages that threatened physical harm to Kevin Clark. Id. Additionally, petitioner went to the Clark residence and made threats against Kevin

Clark to his wife. Id. Petitioner also frequently drove his van around the Hussman parking lot looking for Tammy and Kevin Clark. Id. In May of 2001, petitioner and Tammy divorced. Id.

On June 3, 2001, petitioner contacted Tammy and told her to keep his children away from Kevin Clark. Resp. Ex. H at 3. That same day, he called Kevin Clark and requested a meeting. Id. On the morning of June 4, 2001, six Hussman employees saw a van that they recognized as petitioner's in the work parking lot. Id. Several of these employees testified to hearing a popping sound, which could have been gunfire, at or near the time petitioner's van was in the parking lot. Id. Soon after, at approximately 7:00 AM, a janitor found a dead body in Kevin Clark's car. Id. It was the body of Kevin Clark and he had been shot in the head. Id. Police recovered a .45 caliber shell casing near Kevin Clark's car. Id.

The Bridgeton Police Department considered petitioner a suspect and took him into custody immediately. Petitioner denied having any involvement with the shooting. Id. The police, however, were able trace the shell casing , and the Colt .45 firearm that shot the bullet, back to petitioner. Id.

Petitioner pled not guilty to the charges, but a jury found him guilty and the court sentenced petitioner to consecutive terms of life without possibility of parole and twenty-five years of imprisonment. Petition at 2. Petitioner appealed the judgment and conviction, but the judgment was affirmed by the Missouri Court of Appeals, Eastern District. State v. Manzella, 128 S.W.3d 602 (Mo Ct of App, 2004). In May of 2004, petitioner filed a rule 29.15 motion in the St. Louis County Circuit Court. Pet. Ex. I at 1. This motion was ultimately denied. Id.

## The Petition

Petitioner filed the instant petition for writ of habeas corpus on July 9, 2007. The instant petition is 251 pages long and contains 46 grounds for relief.

## Procedural Default Analysis

Respondent argues that petitioner defaulted on grounds 7 through 39, thus resulting in a procedural bar. Each of these grounds consists of a claim of ineffective assistance of counsel.

To avoid defaulting on a claim, a petitioner seeking habeas review must have fairly presented the substance of the claim to the state courts, thereby affording the state courts a fair opportunity to apply controlling legal principles to the facts bearing on the claim. Wemark v. Iowa, 322 F.3d 1018, 1020-21 (8th Cir. 2003) (quotation marks omitted). A claim has been fairly presented when a petitioner has properly raised the same factual grounds and legal theories in the state courts that he is attempting to raise in his federal petition. Id. at 1021. Claims that have not been fairly presented to the state courts are procedurally defaulted. Id. at 1022 (quoting Gray v. Netherland, 518 U.S. 152, 161-62 (1996)). Claims that have been procedurally defaulted may not give rise to federal habeas relief unless the petitioner can demonstrate cause and prejudice for the default. Id.

Petitioner concedes that these claims were not presented in the post-conviction appeal brief filed by counsel. However, he maintains that he has not defaulted on these claims because he attempted to present them in a *pro se* brief submitted to the Missouri Court of Appeals.

In order for a state procedural rule to prevent federal review of a petitioner's constitutional claim, it must have been firmly established, regularly followed, and

readily ascertainable when it was applied to them. Winfield v. Roper, 460 F.3d 1026, 1036-37 (8th Cir. 2006); Malone v. Vasquez, 138 F.3d 711 at 717 (1998). As respondent points out, each district of the Missouri Court of Appeals has a local rule specifically forbidding *pro se* briefs or motions by counseled parties.[1] Special Rule 380 (Mo. Ct. App. E.D. 2000); Special Rule 6 (Mo. Ct. App. S.D. 1982); Special Rule XVI (Mo. Ct. App. W.D. 2003). In this case, petitioner filed his *pro se* brief well after these local rules were established, regularly followed, and ascertainable.

Petitioner did not properly raise Claims 7 through 39 on direct appeal. As a result, petitioner has defaulted on these claims. In cases where the state prisoner has defaulted on his federal claims in state court pursuant to independent and adequate state procedural rule, federal habeas review of claims is barred unless prisoner can demonstrate cause for default and actual prejudice as a result of alleged violation of federal law, or demonstrate that failure to consider claims will result in fundamental miscarriage of justice. Coleman v. Thompson, 501 U.S. 722, 750 (1991). Petitioner has failed to demonstrate cause and prejudice for defaulting on Claims 7 through 39. As a result, these claims are procedurally barred.

### Merits Analysis

"In the habeas setting, a federal court is bound by the AEDPA to exercise only limited and deferential review of underlying state court decisions." Lomholt v. Iowa, 327 F.3d 748, 751 (8th Cir. 2003). Under this standard, a federal court may not grant relief to a state prisoner unless the state court's adjudication of a claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly

---

[1] Special Rule 380 (Mo. Ct. App. E.D. 2000) and Special Rule XVI (Mo. Ct. App. W.D. 2003) provide exceptions to this rule; however, neither are applicable here.

4

established Federal law, as determined by the Supreme Court of the United States," or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

A state court decision is contrary to clearly established Supreme Court precedent if "the state court arrives at a conclusion opposite to that reached by [the] Court on a question of law or . . . decides a case differently than [the] Court has on a set of materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 413 (2000). A state court decision is an unreasonable application of clearly established federal law if it "correctly identifies the governing legal rule but applies it unreasonably to the facts of a particular prisoner's case." Id. at 407-08. Finally, a state court decision involves an unreasonable determination of the facts in light of the evidence presented in the state court proceedings only if it is shown that the state court's presumptively correct factual findings do not enjoy support in the record. 28 U.S.C. §2254(e)(1); Ryan v. Clarke, 387 F.3d 785, 790 (8th Cir. 2004).

Ground 1:

Petitioner argues that the trial court improperly prevented him from presenting evidence that victim Kevin Clark was under indictment for selling drugs and that the trial court improperly prevented him from asking William Mister if Clark sold drugs at work. Petition at 15.

"[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." Estelle v. McGuire, 502 U.S. 62, 67-68 (1991).

5

The Missouri Court of Appeals held that the evidence petitioner sought to introduce---Clark's indictment----failed to connect anyone other than the defendant of the crime and there was no plain error. Resp. Ex. H at 5-6. In regard to the trial court's refusal to allow him to ask witness Mister if Clark was a drug dealer, the appellate court held that the claim was not preserved because petitioner failed to establish what Mister would have testified to in an offer of proof. Resp. Ex. H at 6. The appellate court went on to state that even under a plain error standard, there was no prejudice. Id.

The Court agrees with the Missouri Court of Appeals reasoning. Petitioner's argument fails to link an alternative suspect to Clark's killing, thus leaving his argument incomplete. The Missouri courts' resolution of this claim was based entirely on state law and was not contrary to or an unreasonable application of clearly established federal law as determined by the Supreme Court. As a result, petitioner is not entitled to habeas relief on this ground.

<u>Ground 2</u>:

Petitioner next challenges the prosecutor's closing argument regarding petitioner's motive for killing Kevin Clark. Petition at 20-22. He asserts that the prosecutor mentioned evidence that had been excluded by the court in arguing that petitioner had demonstrated motive. Id. Petitioner did not object to the prosecutor's closing argument during trial. Resp. Ex. H at 6.

The standard for deciding whether a due process violation has occurred because of a prosecutor's comments during closing argument is whether the comment "infected the trial with unfairness." <u>Hall v. Luebbers</u>, 341 F.3d 706, 716 (8th Cir. 2003) (citing <u>Darden v. Wainwright</u>, 477 U.S. 168, 180-82 (1986)).

Reviewing for plain error, the Missouri Court of Appeals held that the comments were proper and that the trial court had not excluded evidence that another person had committed the crime. Resp. Ex. 6-7.

The Court agrees with the Missouri Court of Appeals. The prosecutor's comments did not rise to a level for which a mistrial would be the appropriate remedy. The appellate court's decision on this matter was not contrary to or an unreasonable application of clearly established federal law as determined by the Supreme Court. As a result, petitioner is not entitled to habeas relief on this ground.

<u>Ground 3</u>:

Petitioner contends that the trial court erred in allowing Tammy Manzella to testify that it sounded as if petitioner were driving when he called her on the morning of the murder. Petition at 22-24.

As noted above, "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." <u>Estelle v. McGuire</u>, 502 U.S. 62, 67-68 (1991).

The Missouri Court of Appeals denied petitioner's claim and found that Tammy Manzella's testimony was proper lay opinion testimony because it was based on her everyday experiences. Resp. Ex. H at 7-9. Additionally, the court held that there was no prejudice. <u>Id</u>. The Court agrees with the appellate court's holding. Here, Tammy Manzella's testimony was a based on her rational perception that petitioner was driving at the time of the phone call.

The Missouri courts' resolution of this claim was based entirely on state law, and the court's decision was not contrary to or an unreasonable application of clearly

established federal law as determined by the Supreme Court. As a result, petitioner is not entitled to habeas relief on this ground.

**Ground 4**:

Petitioner contends that the trial court erred in excluding petitioner's testimony about cellular towers and petitioner's location when he made the calls on the morning of the murder. Petition at 24-28.

The Missouri Court of Appeals upheld the trial court's exclusion of petitioner's testimony, stating that petitioner did not demonstrate how his experiences as a Cingular customer qualified him to testify about cellular towers. Resp. Ex. H at 9-10. The Court agrees with the appellate court's sound reasoning. In this case, petitioner failed to offer sufficient evidence that qualifies him as an expert witness. Instead, he merely relied on the fact that he owned a cell phone and he had experience in building transmitter radios.

The Missouri courts' resolution of this claim was based entirely on state law, and the court's decision was not contrary to or an unreasonable application of clearly established federal law as determined by the Supreme Court. As a result, petitioner is not entitled to habeas relief on this ground.

**Ground 5**:

Petitioner claims that the trial court erred in failing to *sua sponte* declare a mistrial following the State's introduction of photographs of guns and ammunition found at petitioner's residence. Petition at 28-30.

The Missouri Court of Appeals stated that because petitioner did not object to the photographs at trial, it would review the claim for plain error only. Resp. Ex. H at

8

10-11. The court ultimately held that the admission of this evidence did not result in a miscarriage of justice. Id.

The Court agrees with the appellate court's reasoning. On two different occasions, petitioner told the police that he did not own a gun. Resp. Ex. A-3 at 1010-12. These exhibits show that petitioner owned guns and lied to the police about it. Additionally, they illustrate his perception of his own guilt. The appellate court's decision to allow these exhibits as evidence was not contrary to or an unreasonable application of clearly established federal law as determined by the Supreme Court. As a result, petitioner is not entitled to habeas relief on this ground.

**Ground 6**:

Petitioner claims that the trial court erred in conducting a post-sentencing hearing to correct the transcript without petitioner's presence. Petition at 30-31.

In United States v. Gagnon, the Supreme Court held that a defendant has the right to be present "whenever his presence has a relation, reasonably substantial, to the fullness of his opportunity to defend against the charge . . ." 470 U.S. 522, 526 (1985) (quoting Snyder v. Massachusetts, 291 U.S. 97, 105-06 (1934)). The Court went on to state that "[t]he presence of a defendant is a condition of due process to the extent that a fair and just hearing would be thwarted by his absence, and to that extent only." Id.

The Missouri Court of Appeals denied this claim and held that petitioner failed to establish that he could have done or gained anything by attending the hearing. Resp. Ex. H at 11-13. The Court agrees with the appellate court's reasoning. Petitioner has failed to offer any evidence that his presence would have contributed to the fairness of the proceeding. *See* Kentucky v. Stiner, 482 U.S. 730, 745 (1987).

Petitioner had a full and fair opportunity to defend himself against the charges brought against him at trial, and he has failed to offer evidence that his absence thwarted a fair and just hearing. As a result, the appellate court's holding was not contrary to or an unreasonable application of clearly established federal law as determined by the Supreme Court and petitioner is not entitled to habeas relief on this ground.

## Noncognizability

In grounds 40 and 43, petitioner claims that the trial court and the postconviction motion court erred in determining that petitioner's expert witness on cellular communications, Vincent Zagarri, lacked credibility. Petition at 192-211, 234-236. In grounds 41 and 44, petitioner claims that the postconviction motion court erred in denying him a continuance to allow him to call forensics expert, Dee Heil. Petition at 212-223, 237-240. In grounds 42 and 45, petitioner claims that the motion trial court erred in prohibiting him from asking trial counsel about a mortgage fraud investigation of a title company of which trial counsel was an officer. Petition at 223-234, 240-243. In ground 46, petitioner claims that the Missouri Court of Appeals unconstitutionally limited his ability to raise claims in his postconviction appeal by imposing a word limit on his counsel's brief and denying him the opportunity to file a *pro se* brief in his post-conviction appeal. Petition at 244-248.

Under 28 U.S.C. § 2254(a), a district court may entertain a petition for writ of habeas corpus only if the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." In other words, grounds that do not state a constitutional issue are not cognizable in a federal habeas petition. E.g. Gee v. Groose, 110 F.3d 1346, 1351-52 (8th Cir. 1997). Petitioner's claims in grounds 40, 41, 42, 43, 44, 45 and 46 are not cognizable because they concern the process

afforded him in the state post-conviction proceedings.  See Kenley v. Bowersox, 228 F.3d 934, 938 (8th Cir. 2000); Gee, 110 F.3d at 1351-52 (an infirmity in a state post-conviction proceeding does not raise a constitutional issue cognizable in a federal habeas petition.) (citation and quotation omitted).  As a result, petitioner is not entitled to relief on these grounds.

## Conclusion

For the foregoing reasons, the petitioner is not entitled to habeas corpus relief.  Additionally, the Court will not issue a certificate of appealability because petitioner has not made a substantial showing of the denial of a constitutional right.

A separate Judgment shall accompany this Memorandum.

Dated this 2nd day of August, 2010.

CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE